COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bumgardner and Lemons

HARVEY SCOTT

MEMORANDUM OPINION*

v.    Record No. 1224-99-2
PER CURIAM
SEPTEMBER 14, 1999

PENINSULA AIRPORT COMMISSION AND
 EMPLOYERS INSURANCE OF WAUSAU

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Harvey Scott, pro se, on brief).

(Deborah S. O'Toole; Cowen & Owen, P.C.,
on brief), for appellees.


Harvey Scott (claimant) contends that the Workers'
Compensation Commission (commission) erred in denying him
benefits after January 19, 1998 on the grounds that he was
released to light-duty work and that he failed to market his
remaining work capacity after that date. Upon reviewing the
record and the briefs of the parties, we conclude that this
appeal is without merit. Accordingly, we summarily affirm the
commission's decision. See Rule 5A:27.

On appeal, we view the evidence in the light most favorable
to the prevailing party below. See R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
Unless we can say as a matter of law that claimant's evidence
sustained his burden of proof, the commission's findings are

---

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

binding and conclusive upon us.  See Tomko v. Michael's

Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application for benefits, the

commission found as follows:

> The medical record contains a note dated May
> 30, 1995, in which Dr. [Charles H.] Bonner
> opined that [claimant] was not suitable for
> any work.  There are no later work
> disability slips in the record.  Dr. Bonner
> wrote on January 20, 1998, that the
> claimant's restrictions were sitting three
> hours, walking 200 feet, standing one-half
> hour intermittently, and the "pt states
> taking bus exceeds his functional
> capacities."  It is immaterial that the
> restrictions originated from [claimant's]
> request for documentation of his inability
> to ride the bus.  The restrictions were
> written on a work disability form and
> indicated partial, not complete incapacity.
>
>     . . . The claimant has not looked for
> any type of light-duty employment.  Since he
> failed to reasonably market his residual
> work capacity, benefits were correctly
> denied after January 19, 1998.

In light of Dr. Bonner's uncontradicted January 20, 1998

work disability form, which established that claimant was

partially but not totally disabled, and the lack of any evidence

to indicate that claimant made any effort to market his residual

work capacity, we cannot find as a matter of law that claimant's

evidence sustained his burden of proof.  Accordingly, we affirm

the commission's decision.

                                              Affirmed.

- 2 -